IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN F. RUIZ JR,

                Plaintiff,

  v.                                                    OPINION and ORDER

GARY BOUGHTON, SANDRA McARDLE, and                18-cv-1030-jdp
JOLINDA WATERMAN,

                Defendants.

---

Pro se plaintiff Juan F. Ruiz Jr, an inmate incarcerated at Wisconsin Secure Program Facility (WSPF), alleges that defendants, all prison employees, violated his rights by misdiagnosing him with diabetes. Dkt. 1. He has made an initial partial payment of the filing fee for this action in accordance with 28 U.S.C. § 1915(b)(1).

The next step is to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).

I conclude that Ruiz has not stated a claim against any of the defendants. Ruiz's complaint seems to be premised on the view that any misdiagnosis violates his rights, but that is incorrect. The bottom line is that Ruiz doesn't allege that he suffered any harm or was even subjected to a serious risk of harm, so he hasn't stated a claim under state or federal law. Therefore, I will dismiss his complaint in its entirety.

ALLEGATIONS OF FACT

I draw the following facts from Ruiz's complaint, and I accept them as true at the screening stage.

In April 2018, Ruiz began to feel dizzy and lightheaded while working at his prison job. After describing his symptoms to correctional officers, the shift captain explained that it sounded like Ruiz was suffering from low blood sugar level. The captain asked whether he was a diabetic, but Ruiz said that he wasn't.

The next day, prison staff sent Ruiz to the Health Services Unit. A nurse examined Ruiz and told him that he may be a diabetic, but Ruiz again said that he wasn't.

The following day, prison staff sent Ruiz to see defendant Sandra McArdle, a nurse practitioner at WSPF. McArdle informed Ruiz that he was a diabetic, according to his prison medical records. McArdle prescribed diabetic medications for Ruiz to take and ordered him to check his blood sugar levels daily. Ruiz left the examination "in a confused state of mind."

Ruiz checked his blood sugar every day, for two weeks, but his levels were always normal. (Ruiz doesn't say whether he ever took any of the prescribed medication.) Ruiz then obtained a copy of his medical records, which included the medical records of a different prisoner, who was a diabetic. After an investigation, prison staff confirmed that Ruiz was not, in fact, a diabetic.

Defendant Gary Boughton is the warden at WSPF and, among other duties, supervises the implementation of health services at the prison. Defendant Jolinda Waterman is the Health Services Manager at WSPF and supervises the treatment decisions made by medical caregivers at the prison.

ANALYSIS

I understand Ruiz to be contending that defendant McArdle violated his rights by providing unneeded medical treatment and that defendants Boughton and Waterman violated his rights by failing to supervise McArdle. Ruiz does not include any legal theories in his complaint, but I see three potential claims: (1) a violation of his right to humane conditions of confinement under the Eighth Amendment; (2) a violation of his right to refuse unwanted medical care under the Due Process Clause of the Fourteenth Amendment; and (3) negligence.

I conclude that Ruiz hasn't stated a claim under any of these theories. As to defendant McArdle, Ruiz's claims fail because he doesn't allege that she knew she had misdiagnosed Ruiz, that he tried to refuse treatment, or that he was harmed. As to defendants Boughton and Waterman, Ruiz doesn't allege that they have any involvement in this case other than as McArdle's supervisors. Because Ruiz does not state a claim against McArdle, he cannot state a claim against Boughton or Waterman either.

A.  Eighth Amendment

Many claims about conditions of confinement are governed by the Eighth Amendment. In the context of medical care in prison, the question is generally whether the defendant was "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). Because Ruiz denies that he had a serious medical need, it is more appropriate to apply the more general standard governing conditions of confinement: whether the defendant was aware that she was subjecting the prisoner to a substantial risk of serious harm and refused to take reasonable measures to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Ruiz's allegations do not state a claim under this standard for two reasons. First, Ruiz doesn't allege that McArdle knew that he didn't have diabetes when she treated him. Rather,

the allegations show that McArdle made a mistake by relying on another prisoner's medical records, which is not enough to prove an Eighth Amendment violation. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996) ("[A] defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.").

Second, Ruiz doesn't allege that McArdle harmed him or even subjected him to a substantial risk of harm. Ruiz doesn't say whether he actually took any of the medication, but even if he did, he doesn't say that he suffered any adverse symptoms as a result. The only alleged consequences of the misdiagnosis were that Ruiz tested his blood sugar for two weeks and was confused. But these are not "extreme deprivations," which "are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

In the absence of any serious harm to Ruiz or awareness by McArdle of even a risk of harm, Ruiz does not state a claim under the Eighth Amendment.

**B. Fourteenth Amendment**

A second potential claim is that McArdle violated Ruiz's right to under the Fourteenth Amendment to refuse medical treatment. *See Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 278 (1990); *Washington v. Harper*, 494 U.S. 210, 221–22 (1990). But this claim fails for the simple reason that Ruiz doesn't allege that McArdle subjected him to forced treatment. Again, Ruiz doesn't say whether he took the medication McArdle prescribed, but, even if he did, that would have been his own choice, even if he believed he didn't need the medication. Ruiz doesn't allege that McArdle threatened any consequences if he refused the medication. Similarly, Ruiz tested his own blood sugar levels. He doesn't allege that McArdle forced him to do so.

C. **Negligence**

A third potential claim is negligent infliction of emotional distress. Under Wisconsin common law, all claims of negligence require the same four elements: "(1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. In a negligent infliction of emotional distress case, a plaintiff must show that he suffered *severe* emotional distress because of the defendant's actions. *Bowen v. Lumbermens Mut. Cas. Co.*, 183 Wis. 2d 627, 632, 517 N.W.2d 432 (1994). The severity of the distress is not only relevant to the amount of damages, it is a necessary element of the claim. *Alsteen v. Gehl*, 21 Wis. 2d 349, 360, 124 N.W.2d 312 (1963). The distress must be so severe that the plaintiff is unable to function in his relationships; "[t]emporary discomfort cannot be the basis for recovery." *Id.* at 360–361.

This claim fails for similar reasons as the other claims. Even if I assume that McArdle was negligent, Ruiz doesn't allege any harm, let alone severe emotional distress. Temporary confusion is not enough to meet that standard.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Juan F. Ruiz, Jr's failure to state a claim upon which relief can be granted.

2. In accordance with 28 U.S.C. § 1915(g), Ruiz is assessed a strike because the action was dismissed for failure to state a claim.

3. The clerk of court is directed to enter judgment in favor of the defendants and close this case.

Entered February 1, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge